UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHITRA KARUNAKARAN,

                Plaintiff,

– against –

BOROUGH OF MANHATTAN COMMUNITY COLLEGE, CITY UNIVERSITY OF NEW YORK, ANTONIO PEREZ, KARRIN WILKS, SANGEETA BISHOP, RIFAT SALAM, ANTIONETTE MCKAIN, ROBERT DIAZ, IAN WENTWORTH, MICHAEL HUTMAKER, and MARVA CRAIG,

                Defendant.

**ORDER**

18-cv-10723 (ER)

Ramos, D.J.:

    Following this Court's order dismissing pro se Plaintiff Chitra Karunakaran's Second Amended Complaint on March 28, 2022 (Doc. 75, "the Order"), Karunakaran filed a notice of appeal to the Second Circuit on April 25, 2022 (Doc. 77) and a motion for reconsideration on May 8, 2022 (Doc. 81, "the Motion" or "Mot."). The Motion alleges that the Court "outright" dismissed Karunakaran's state law claims without explanation and argues that such "a package dismissal" (taken with the Court's dismissal of Karunakaran's federal law claims) violates the requirement to construe New York state laws independently of similar or identical federal laws. Mot. at 1–2. Karunakaran consequently requests that the Court either reconsider its decision in the Order or "remand" the case.[1] Mot. at 4.

    Because Karunakaran has filed a notice of appeal, the Court must first address whether it has jurisdiction to rule on the Motion. "The filing of a notice of appeal is an event of

---

[1] To the extent Karunakaran requests that this Court remand her state law claims to state court, this Court lacks authority to do so, as this matter was originally filed in federal court and thus was never removed from state court.

jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  Under the Federal Rules of Appellate Procedure, however, if a party (1) files a timely authorized motion, including a Rule 59(e) motion or a Rule 60 motion filed within 28 days, *see* Fed. R. App. P. 4(a)(4)(A)(i)-(vi) (listing the types of authorized motions), *and* (2) files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become "effective" until after the district court rules on that motion, see Fed. R. App. P. 4(a)(4)(B)(i).

Here, the Motion was filed 41 days after the Order; as it was consequently not timely, the notice of appeal became effective when filed on April 25, 2022.  *See* Fed. R. App. P. 4(a)(4).  Accordingly, the Court lacks jurisdiction to consider those requests and denies the Motion.  *See Griggs*, 459 U.S. at 58; *see also* Fed. R. Civ. P. 62.1(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion. . . .").

Even if the Motion was timely, however, the Court would decline the invitation to reconsider the Order.  Contrary to Karunakaran's allegations, the Order did not dismiss the state law claims on the merits.  Rather, the Order granted Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) as to Karunakaran's *federal* claims and, as only the state law claims thereafter remained, declined to consequently exercise supplemental jurisdiction over those state law claims, which were dismissed without prejudice.  Order at 12–13.  To the extent, then, that Karunakran merely seeks to prosecute the state law claims in state court, she is free to do so.

Accordingly, the Motion is denied.

It is SO ORDERED.

Dated:   May 31, 2023
         New York, New York

_____
Edgardo Ramos, U.S.D.J.

3