UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHITRA KARUNAKARAN,

                    Plaintiff,

        – against –

BOROUGH OF MANHATTAN COMMUNITY
COLLEGE, CITY UNIVERSITY OF NEW YORK,
ANTONIO PEREZ, KARRIN WILKS, SANGEETA
BISHOP, RIFAT SALAM, ANTIONETTE
MCKAIN, ROBERT DIAZ, IAN WENTWORTH,
MICHAEL HUTMAKER, and MARVA CRAIG,

                    Defendants.

**ORDER**

18-cv-10723 (ER)

Ramos, D.J.:

        Following this Court's order dismissing *pro se* Plaintiff Chitra Karunakaran's Second

Amended Complaint on March 28, 2022 (Doc. 75), Karunakaran filed a notice of appeal to the

Second Circuit on April 25, 2022 (Doc. 77) and a motion for reconsideration on May 8, 2022 in

which she sought to be able to prosecute her state law claims in state court (Doc. 81).  The Court

denied Karunakaran's motion on May 31, 2023, on the ground that Karunakaran had already

filed a notice of appeal, which divests the district court of jurisdiction.  Doc. 83 at 2 (citing Fed.

R. App. P. 4(a)(4); Fed. R. Civ. P. 62.1(a)(2); *Griggs v. Provident Consumer Discount Co.*, 459

U.S. 56, 58 (1982)).  The Court further noted that, even if it did have jurisdiction, it could not

provide Karunakaran the requested remand because the matter was originally filed in federal

court and was never removed from state court.  *Id.* at 1 n.1.  The Court also noted, however, that,

because the March 28, 2022 order dismissed her state law claims without prejudice, Karunakaran

was in any event already free to prosecute the state law claims in state court without an order of

remand.  *Id.* at 2.

Karunakaran now moves for the chief judges of the Second Circuit and Southern District of New York to conduct a "joint review" of this Court's May 31, 2023 order.  Doc. 84. Karunakaran argues that the Court's decision violated her due process rights by failing to discuss Judge Chin's dissent in *Ya Chin v. The City University of New York*, 805 F.3d 59 (2d Cir. 2015), in which he recommended vacating a judgment and remanding.  *Id.*

As the Court emphasized in the May 31, 2023 order, this Court cannot remand a case that was never filed in state court; moreover, no remand—nor any other action by any federal court— is necessary for Karunakaran to pursue her state claims in state court.  Doc. 83.  Additionally, as before, the Court continues to lack jurisdiction over Karunakaran's motions because of the pending appeal.  *See* Fed. R. App. P. 4(a)(4); Fed. R. Civ. P. 62.1(a)(2); *Griggs*, 459 U.S. at 58. Thus, even if this motion was procedurally proper (which it is not) and the Court had jurisdiction over it (which it does not), Karunakaran has not demonstrated any way in which her rights—due process or otherwise—were limited, denied, or otherwise violated.

Accordingly, the Motion is denied.

It is SO ORDERED.

Dated:   June 12, 2023
         New York, New York

_____
         Edgardo Ramos, U.S.D.J.