UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHITRA KARUNAKARAN,

                Plaintiff,

– against –

BOROUGH OF MANHATTAN COMMUNITY COLLEGE, CITY UNIVERSITY OF NEW YORK, ANTONIO PEREZ, KARRIN WILKS, SANGEETA BISHOP, RIFAT SALAM, ANTIONETTE MCKAIN, ROBERT DIAZ, IAN WENTWORTH, MICHAEL HUTMAKER, and MARVA CRAIG,

                Defendants.

**ORDER**

18-cv-10723 (ER)

Ramos, D.J.:

      Following this Court's order dismissing *pro se* Plaintiff Chitra Karunakaran's Second Amended Complaint on March 28, 2022 (Doc. 75), Karunakaran filed a notice of appeal to the Second Circuit on April 25, 2022 (Doc. 77) and a motion for reconsideration on May 8, 2022 in which she sought to be able to prosecute her state law claims in state court (Doc. 81). The Court denied Karunakaran's motion on May 31, 2023, on the ground that Karunakaran had already filed a notice of appeal, which divests the district court of jurisdiction. Doc. 83 at 2 (citing Fed. R. App. P. 4(a)(4); Fed. R. Civ. P. 62.1(a)(2); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The Court further noted that, even if it had jurisdiction, it could not order remand because the case was originally filed in federal court and was never removed from state court; and, the March 28, 2022 order dismissed her state law claims without prejudice, so Karunakaran was already free to prosecute the state law claims in state court. *Id.* at 1 n.1, 2. Karunakaran then moved for a "joint review" of this Court's May 31, 2023 order. Doc. 84. The Court denied the motion on June 12, 2023 and again emphasized that it cannot remand a case

that was never filed in state court, and neither remand nor any other action by any federal court is necessary for Karunakaran to pursue her state claims in state court.  Doc. 86.

Karunakaran now moves for specific guidance from the Court concerning its Individual Practices because she "was unable to find even a 1-word mention of the word Remand in the Judge's Individual Practices" and "was similarly unsuccessful in finding mention of any factors underlying decisions to not 'exercise supplemental jurisdiction' based on 2005 NYCHRL."  Doc. 87 at 1.

The Court denies the motion.  First, as before, the Court continues to lack jurisdiction over Karunakaran's motions because of the pending appeal.  *See* Fed. R. App. P. 4(a)(4); Fed. R. Civ. P. 62.1(a)(2); *Griggs*, 459 U.S. at 58.  Second, the bases for remand and the exercise of supplemental jurisdiction are legal issues and thus not appropriate for individual Judge's procedural rules.

Accordingly, the motion is denied.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 87.

It is SO ORDERED.

Dated:   June 23, 2023
         New York, New York

                                                          _____
                                                          Edgardo Ramos, U.S.D.J.